# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

THEODORE METCALF                                                    PLAINTIFF

v.                                               4:05CV01627-WRW

JO ANNE BARNHART
**Commissioner of the Social**
**Security Administration**                                         DEFENDANT

## ORDER

Plaintiff appeals the Social Security Administration Commissioner's decision to deny his claim for Supplemental Security Income benefits.[1] Plaintiff challenges the Administrative Law Judge's ("ALJ") determination that he retained the residual functional capacity to perform "work where interpersonal contact is incidental to the work performed,"[2] and, therefore, was not disabled. Both parties have filed appeal briefs. In this judicial review, I must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.[3] For the reason below, the Commissioner's decision is AFFIRMED.

## I. Procedural Background

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on July 2, 2002, claiming that he had been disabled since June 29, 1999.[4] Because his first application was

---

[1] 42 U.S.C.A. § 1381a.

[2] Tr. 18.

[3] 42 U.S.C. § 405(g).

[4] Tr. 50-52.

incomplete, Plaintiff filed a second application on May 7, 2003.[5] The second application was denied October 6, 2003.[6] Plaintiff appealed the decision on February 24, 2004[7] but, it was affirmed on April 28, 2004.[8] Plaintiff then requested a hearing before an ALJ.[9] After the January 20, 2005 hearing,[10] the ALJ issued a decision on March 16, 2005 finding that Plaintiff was not disabled.[11] The Appeals Counsel denied Plaintiff's request for review on September 15, 2005.[12] Plaintiff now seeks review of the Social Security Administration's Decision.[13]

## II. Summary of the Evidence

Plaintiff, born May 27, 1951, was 51 at the time of his initial application for DIB, qualifies him as just short of the "advanced age" category.[14] He has a seventh grade education, military service experience; and past relevant work experience as a laborer, construction worker, airport skycap, security guard, and automobile body repairman.[15]

---

[5] Tr. 54-56.

[6] Tr. 27 and 31.

[7] Tr. 35.

[8] Tr. 41.

[9] Tr. 44.

[10] Tr. 20-25.

[11] Tr. 14.

[12] Tr. 4.

[13] Doc. No. 2.

[14] 20 C.F.R. § 404.1563(d) (defining advanced age as someone between 50-54 years).

[15] Tr. 19, 50.

Plaintiff, a veteran of the Vietnam War, entered a Post Traumatic Stress Disorder ("PTSD") program at the Albuquerque, New Mexico VA Hospital in 1991.[16] Over the next decade, Plaintiff was repeatedly treated for PTSD symptoms and substance abuse various VA hospitals. Medical progress notes from May and June of 1993 indicate that Plaintiff had PTSD symptoms, but he missed many of the group PTSD therapy sessions.[17] On June 1, 1996 the Plaintiff stated that he was depressed, angry, and was experiencing auditory and visual hallucinations related to his Vietnam experience.[18] On October 2, 1996 he requested admission to the psychiatric ward of the VA hospital and complained of sleeplessness and depression.[19]

On June 29, 1999, Plaintiff underwent a VA examination for compensation and pension evaluation.[20] At the evaluation, Plaintiff reported that over the past year he had tried to perform odd jobs, but could not hold a steady job due to difficulty of being around people and his temper.[21] He also stated that he lived alone, had disturbed sleep, and isolated himself.[22] The examining physician, Dr. Paul Mushala, reported that the Plaintiff had PTSD and chronic Cannabis dependence.[23] Based

---

[16] Tr. 310-316.

[17] Tr. 264-265.

[18] Tr. 318.

[19] Tr. 320.

[20] Tr. 60-61.

[21] Tr. 259.

[22] *Id.*

[23] Tr. 260.

on the evaluation, Plaintiff's disability status was raised from 70% disabled to 100% disabled.[24] Plaintiff's Complaint alleges that he became disabled the next day, on June 30, 1999, and was forced to quit working.[25]

Medical records from December 9, 2002 show that Plaintiff was admitted to the VA in Memphis, TN on December 7, 2002.[26] He told the staff that he had been using cocaine daily since the year 2000.[27] Plaintiff maintains that he tried to quit using in June of 2002, but ended up using approximately $50 worth of crack, 80 ounces of beer, and a half-pint of whiskey every day.[28] While an inpatient at the VA, Plaintiff was given 13 prescription medications daily.[29] The diagnosis at that time was PTSD, cocaine dependence, and alcohol abuse.[30] After this, on December 18, 2002, Plaintiff entered the Barron Heights transitional center in Memphis, where he reported that he been sober for a week,[31] but he also stated that he still suffered from insomnia and depression, and he refused to take any medication for those symptoms.[32]

---

[24] *Id.*

[25] Doc. No. 2.

[26] Tr. 132.

[27] Tr. 152.

[28] *Id.*

[29] Tr. 142.

[30] Tr. 132.

[31] Tr. 156.

[32] *Id.*

On August 7, 2003, Plaintiff was given a mental status examination by Richard C. Maddock, Ph.D. [33] In the report, Dr. Maddock stated that he could find no evidence of PTSD or depression, found no significant limitations in adaptive functioning, and found that the plaintiff was not mentally retarded.[34] He also found that Plaintiff suffered from alcohol abuse, polysubstance abuse by recent and remote history, and a personality disorder.[35] Dr. Maddock reported, that with effective treatment, Plaintiff's chances for recovery are fair to good. However, he noted that Plaintiff was noncompliant to medical care.[36]

### III. Standard of Review

The scope of review of an ALJ's decision is narrow.[37] The Commissioner's decision must be affirmed if it conforms to the law and is supported by substantial evidence on the record as a whole.[38] Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision.[39]

Substantial evidence "on the record as a whole" requires consideration of the record in its entirety, taking into account both "evidence that detracts from the Commissioner's decision as well

---

[33] Tr. 122.

[34] Tr. 128.

[35] *Id.*

[36] *Id.*

[37] *Ellis v. Barnhart*, 392 F.3d 988, 993 (8th Cir. 2005); *Bailey v. Apfel*, 230 F.3d 1063, 1065 (8th Cir. 2000); 42 U.S.C. § 405(g).

[38] *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998).

[39] *Hunt v. Massanari*, 250 F.3d 622, 623 (8th Cir. 2001).

as evidence that supports it."[40] The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial."[41]

A balancing test is used to assess contradictory evidence.[42] But, the evidence presented to the ALJ, should not be re-weighed[43] or given a *de novo* review.[44] Instead, if, after reviewing the evidence and it is "possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the court] must affirm the [Commissioner's] decision."[45]

The burden rests with a claimant to prove his disability by establishing a physical or mental impairment lasting at least twelve months that prevents him from engaging in any substantial gainful activity.[46] A claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.[47]

Section 423(d) of the Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[40] *Cox v. Barnhart*, No. 06-2226, 2006 WL 3751503, *3 (8th Cir. Dec. 22, 2006).

[41] *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

[42] *Sobania v. Secretary of Health & Human Serv.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Steadman v. S.E.C.*, 450 U.S. 91, 99 (1981)).

[43] *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)).

[44] *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir.1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).

[45] *Id.* (quoting *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

[46] *Baker v. Apfel*, 159 F.3d 1140, 1143 (8th Cir. 1998).

[47] *Anderson v. Apfel*, 996 F. Supp. 869 (E.D. Ark. 1998).

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[48] A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."[49]

## IV.  Analysis

The ALJ considered Plaintiff's impairments under the required five-step sequential evaluation process.[50] First, he found that Plaintiff had not engaged in substantial gainful activity since filing his application.[51] Second, the ALJ found that, based on the medical evidence, Plaintiff's PTSD, polysubstance abuse and history of alcohol dependence are "severe."[52] Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing.[53]

The fourth step required the ALJ to determine whether Plaintiff had sufficient residual functional capacity, despite his impairment, to perform his past work. The ALJ found that Plaintiff was unable to perform his past relevant work due to his substance abuse.[54] However, absent his

---

[48] 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.

[49] 42 U.S.C. § 432(d)(2)(A).

[50] 20 C.F.R. § 404.1520.

[51] Tr. 18.

[52] Tr. 14; 20 C.F.R. § 416.920(c).

[53] Appendix 1, Subpart P, Regulations No. 4.

[54] Tr. 15.

substance abuse, the ALJ found that Plaintiff "retained the residual functional capacity for a full range of exertional activity with mild limitation in his ability to deal with stress, understand, remember and carry out detailed or complex jobs [sic] instructions, or maintain concentration,"[55] and therefore, does not suffer from a "disability" as defined in the Social Security Act.[56]

Plaintiff admitted in the hearing that he continues to use drugs "socially."[57] Therefore, the ALJ simply had to decide if Plaintiff was disabled absent his drug use. Plaintiff contends that substantial evidence does not support the ALJ's finding that his drug use was a material factor in the determination that he was disabled, and thus argues that he should be awarded benefits based on his PTSD and depression. A claimant has the initial burden of showing that alcoholism or drug addiction is not material to the finding of disability.[58]

The "key factor" in determining whether drug addiction or alcoholism is material to a determination of disability is whether the claimant would still be found disabled if he stopped using drugs or alcohol.[59] The focus of the inquiry is on the impairments remaining if the substance abuse ceased, and whether those impairments are disabling, regardless of their cause.[60]

Plaintiff argues that the ALJ did not properly take his mental impairments into account in making his finding. Plaintiff argues that his PTSD symptoms meet the requirements for Listing

---

[55]Tr. 16.

[56]Tr. 18, *see also* 20 C.F.R. §§ 404.1520(f) and 416.920(f).

[57]Tr. 332.

[58]*Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000).

[59]See 20 C.F.R. § 404.1535(b)(1).

[60]*Id*.

12.06 (Anxiety Related Disorders). Listing 12.06 requires at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration.[61] There is substantial evidence to support the ALJ's finding that Plaintiff is not disabled absent his drug abuse.

Plaintiff also argues that the ALJ did not give the appropriate weight to the VA's determination that Plaintiff was 100% disabled. Findings by other federal agencies are not binding on an ALJ.[62] The ALJ noted Plaintiff's PTSD diagnosis and reviewed Plaintiff's VA medical records. The ALJ was under no requirement to do more.

In his decision, the ALJ found that Plaintiff was not disabled under the Social Security Act.[63] The ALJ found out that before June 30, 1999, the Plaintiff suffered from severe PTSD mental impairment and substance abuse, and was still able to hold a job.[64] The ALJ also concluded that in the absence of drug abuse, the Plaintiff was physically able and was only mildly limited in his ability to deal with stress.[65] The ALJ determined that the Plaintiff suffered from medical conditions that limited him from returning to past work; however from testimony of Charles Turner, a vocational expert, it was established that there were numerous jobs consistent Plaintiff's abilities.[66] Notably,

---

[61] 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B).

[62] *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).

[63] Tr. 17.

[64] Tr. 15.

[65] Tr. 16.

[66] Tr. 17.

on October 1, 2003, Dr. Daniel Donahue, determined that Plaintiff did not have a severe mental disorder.[67] Then, on April 26, 2004, Dr. Kathryn Gale, adopted Dr. Donahue's diagnosis.[68] The ALJ found that Plaintiff was only mildly limited in his ability to "deal with stress, understand, remember and carry out detailed or complex jobs instructions, or maintain concentration."[69] Therefore, the ALJ had sufficient evidence to find that the Plaintiff was not disabled within the meaning of the Social Security Act.[70]

## V. Conclusion

After careful consideration of the record as a whole, the ALJ's decision was supported by substantial evidence and is AFFIRMED.

IT IS SO ORDERED this 29th day of March, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[67] Tr. 242.

[68] *Id.*

[69] Tr. 18.

[70] *Id.*